```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

NAIL A. HARRY,

        Plaintiff,

v.                               Case No: 2:12-cv-643-Ftm-29UAM

A. WAGNER, J. LICATA, L. SEVERSON and T. REID,

        Defendants.

_____/

## OPINION AND ORDER

This matter comes before the Court on the following:

> The Motion to Dismiss Plaintiff's Complaint filed by Defendants Thomas Reid, James Licata, Angela Wagner, and Lars Severson (Doc. 29, filed April 12, 2013); and

> Plaintiff Nail A. Harry's Response in Opposition to Defendant's Motion to Dismiss (Doc. 30, filed May 2, 2013);

Plaintiff Nail A. Harry ("Plaintiff"), proceeding *pro se*, initiated this action as a prisoner at the Lake Correctional Institution in Clermont, Florida by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed December 3, 2012). In his Complaint, Plaintiff sues Defendants Warden Thomas Reid, Property Room Sergeant Angela Wagner, Assistant Warden Lars Severson, and Head of Classification James Licata (collectively, "Defendants") in each defendant's official capacity. Plaintiff also sues Wagner, Severson, and Licata in their individual capacities (Doc. 1 at 1).

Defendants seek dismissal with prejudice of the Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 29 at 1). Specifically, Defendants argue that: (1) Plaintiff's claims are based upon the denial of his grievances and are insufficient to state claims under § 1983; (2) Defendants Wagner, Licata, and Severson are entitled to qualified immunity; and (3) Defendant Reid is immune from suit in his official capacity (Doc. 29 at 3-6). For the reasons set forth in this Order, Defendants' Motion is **GRANTED** to the extent that the Complaint will be dismissed without prejudice.

## I. Complaint[1]

The facts, as alleged by Plaintiff, are as follows:

In June of 2011, while an inmate at the Dade Correctional Institution, Plaintiff was prescribed a pair of orthopedic boots and a heel lift because one of his legs is shorter than the other (Doc. 1 at ¶ 1).

Plaintiff was subsequently transferred to Charlotte Correctional Institution, and on July 6, 2012, he was told by Property Officer Caberlero, who is not a defendant in this case, that Plaintiff's medical boots were not allowed at Charlotte Correctional Institution. Id. at ¶ 3.

---

[1] All facts are taken from Plaintiff's Complaint and the attachments to the Complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

On, or about, July 11, 2012, Plaintiff filed an emergency grievance (#1207-510-041) in which he requested the return of his boots (Doc. 1 at ¶ 4). The response to the grievance stated: "Your medical record shows that you were evaluated at the prosthetics lab and you have an appointment scheduled with the Chief Health Officer for a follow-up." (Doc. 1-1 at 2).

On August 16, 2012, Plaintiff filed an informal grievance stating that he was "experiencing pain in [his] back and legs." (Doc. 1 at ¶ 5). Defendant Wagner replied that Plaintiff's orthopedic boots were in non-compliance with Charlotte Correctional Institution's security policies.

On August 17, 2012, Plaintiff appealed the response to grievance # 1207-510-041, noting that he had not yet had an appointment with the Chief Health Officer and that he was experiencing pain in his hip, knee, and back, and was losing his balance often (Doc. 1-1 at 14).  On October 4, 2012, Plaintiff received a response to the appeal. Id. at 15. The response noted that "[t]he institutional staff advised that you need to be fitted for boots before they are ordered and the date of the fitting is pending." Id.  Plaintiff was encouraged to cooperate with the health care staff by following the treatment regimen prescribed and was advised that sick call was available to address his concerns should he experience problems. Id.

On, or about August 21, 2013, Plaintiff filed an Emergency Grievance (#1208-510-111) in which he explained that Charlotte Correctional Institution did not have the authority to promulgate a rule against his Dr. Comfort brand orthopedic boots (Doc. 1-1 at 11-12). Plaintiff argued that he had seen "tens" of inmates bludgeoned and stabbed or commit self-harm with items that were permissible. Id. Plaintiff also noted that he had been hospitalized three times "due to the use of permissible paper clips." Id. at 12. Defendants Severson and Reid responded to the grievance and noted that it did not constitute an emergency Id. at 13. Plaintiff was also advised to file an informal grievance with security because [t]hey are responsible for the area of your complaint." Id.

On or about August 21, 2012, Plaintiff filed an appeal to the warden's office explaining that his medical boots and heel lift had been issued by an orthopedic specialist and authorized by a doctor (Doc. 1 at ¶ 6; Doc. 1-1 at 5). Plaintiff further explained that Defendant Wagner's response to his informal grievance was erroneous because Charlotte Correctional Institution did not have the power to make its own rules. Plaintiff quoted the Department of Corrections Manual, stating that "security and other operations of the institution will not dictate practices and contradict or otherwise compromise decisions that are in the sole province of a licensed

4

clinician." (Doc. 1 at ¶ 6; Doc. 1-1 at 5). Defendants Licata and Severson returned the grievance without action (Doc. 1 at ¶ 6; Doc. 1-1 at 7).

On August 21, 2012, Plaintiff lost his balance while walking up the stairs and the resulting fall required derma-bond to close the wound (Doc. 1 at ¶ 8). On August 31, 2012, Plaintiff fell into a fence. The resulting wound caused bruising and required stitches. Id. at ¶ 9.

On August 23, 2012, Plaintiff filed an Inmate Request Form on which he notified the Warden that he intended to file a lawsuit alleging gross deliberate indifference to his medical needs (Doc. 1-1 at 16). In response, it was noted that Plaintiff's request had been reviewed, but the issue had been previously addressed and that Plaintiff should proceed to the formal grievance level. Id.

On, or about, September 10, 2012, Plaintiff appealed the denial of emergency grievance #1208-510-111, but the appeal was determined to be in non-compliance with the inmate grievance procedure because the grievance at the institutional level had been in non-compliance with the grievance rules (Doc. 1-1 at 10). On September 12, 2012, Plaintiff's request for an administrative appeal was returned without action. Id.

While incarcerated at Charlotte Correctional Institution, Plaintiff noticed other inmates wearing the same type of orthopedic boots he requested (Doc. 1 at ¶ 12).

Plaintiff asserts that the defendants violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs when they refused to provide him with medically prescribed orthopedic boots (Doc. 1 at 7). He seeks compensatory damages of $500,000 against each defendant and punitive damages of $250,000 against each defendant. Id. at 10. He also seeks injunctive relief to force the defendants to stop interfering with his prescribed medical treatment. Id.

**II. Legal Standards**

    ***a. Standard of review for a motion to dismiss***

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).[2]

---

[2] Plaintiff argues that no dismissal can be granted "unless it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claims, which would entitle relief." (Doc. 30 at 3). Plaintiff misunderstands the pleading requirements under Rule 12(b)(6). The pleading standard required for a complaint to survive a motion to dismiss has been raised since the Court's decision in Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court case upon which Plaintiff appears to rely. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679. It is this heightened pleading requirement, not the more liberal Conley standard, which will be considered by this Court.

### *b. Standard of review under 28 U.S.C. § 1915(E)(2)(B)*

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
>     (i)    is frivolous or malicious;
>
>     (ii)    fails to state a claim on which relief may be granted; or
>
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke, 490 U.S. at 325. A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not

8

exist. Id. at 327. In addition, where an affirmative defense, such as the statute of limitations, would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).[3]

### III. Analysis

#### a. *Plaintiff's claims for injunctive relief are moot*

Plaintiff asks for "injunctive relief forcing the officials to comply and stop interfering with prescribed medical treatment." (Doc. 1 at 10). When an inmate seeks injunctive or

---

[3] Plaintiff argues that granting Defendants' motion to dismiss would be improper because the Complaint had been pre-screened by the Court under 28 U.S.C. § 1915, and any legal insufficiencies should have been addressed by the Court at that time (Doc. 30 at 3). This argument is based upon a misapprehension of the legal standards of 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6). Dismissals under § 1915(e) are governed by a legal standard distinct from dismissals pursuant to Rule 12(b)(6). The frivolousness in the § 1915(e) context refers to a more limited set of claims than those that may be dismissed under Rule 12(b)(6). Whenever a plaintiff states an *arguable* claim for relief, dismissal under § 1915(e) is improper, even if, as in the instant case, the legal bases underlying the claim ultimately prove to be incorrect. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Accordingly, a complaint's survival after a § 1915 screening does not immunize the complaint from a subsequent dismissal under Rule 12(b)(6) because the ultimate failure of a complaint's legal theories may not be apparent at the outset. Id.

9

declaratory relief concerning his place of incarceration, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147 (1975); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.") (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)); Cf. Johnson v. Turpin, 2001 WL 520804, at *1 (11th Cir. Apr. 11, 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place). In the event Plaintiff is returned to the institution about which he complained, a dismissal without prejudice allows him to re-file his claims. See Wahl, 773 F.2d at 1174.

It does not appear that Plaintiff was incarcerated at Charlotte Correctional Institution at the time he filed his complaint, nor is he currently incarcerated at Charlotte Correctional (Doc. 9, 27, 31, 33). Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury. Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985). Absent in this case is any showing of a "continuing, present injury or

10

real and immediate threat of repeated injury" to Plaintiff. Id. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, Plaintiff's claims for injunctive relief are dismissed as moot.

### b. *Plaintiff's claims against each defendant in his or her official capacity are barred by Eleventh Amendment immunity*

Plaintiff seeks monetary damages against all defendants in his or her official capacity (Doc. 1 at 1). Defendants argue that all claims against Thomas Reid must be dismissed because "Eleventh Amendment immunity bars suits brought against employees or officers sued in his official capacities for monetary damages." (Doc. 29 at 7). Plaintiff concedes that Defendant Thomas Reid should be dismissed from the Complaint "in light of the applicable law that officials are immune to suit in their official capacities." (Doc. 30 at 1). However, Plaintiff does not concede, nor do Defendants argue in their Motion to Dismiss, that the other defendants are entitled to Eleventh Amendment immunity.

It is well established that a suit against a defendant governmental officer in his official capacity is the same as a suit against the entity that employs the officer. See McMillian

11

v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985). In Zatler v. Wainwright, the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's Eleventh Amendment immunity in section 1983 damage suits. Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.

802 F.2d 397, 400 (11th Cir. 1986) (internal citations omitted). Accordingly, in Zatler, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. Id.

In accordance with the foregoing, the Court will grant Defendant's Motion to Dismiss insofar as Plaintiff seeks monetary damages from Defendant Thomas Reid in his official capacity. In addition, the claims for monetary damages against Defendants Wagner, Licata, and Severson in each defendant's official capacity are dismissed as frivolous under § 1915(e)(2)(B)(i) because these defendants are immune from suit in their official capacities. See Neitzke, 490 U.S. at 325.

### c. *Plaintiff has not stated claims for deliberate indifference against Defendants Wagner, Licata, or Severson*

Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical

needs. Estelle v. Gamble, 429 U.S. 97, 97 (1976). To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

The seriousness of a medical need is an objective inquiry. *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (internal citations and quotation marks omitted).

Plaintiff does not elaborate on the objective seriousness of his medical condition, other than stating that one of his legs is longer than the other (Doc. 1 at 7). The Court notes that a disparity in leg length does not necessarily constitute a serious medical need. See, e.g., Haverty v. Crosby, No. 1:05-cv-133-MO-EMT, 2006 WL 839157, at *5 (N.D. Fla. Mar. 28, 2006) (3/4 of an inch disparity in the length of the plaintiff's legs did not rise to the level of a serious medical need); Turner v.

13

Solorzano, No. 3:04-cv-632-J-32MMH, 2006 WL 2523410, at *3 (M.D. Fla. August 30, 2006)(3/8 inch disparity in leg length was not objectively serous medical need); Graham v. Aponte, No. 1:08-cv-308, 2009 WL 249779, at *4 (E.D. Va. Feb. 2, 2009) ("[T]he discrepancy in the length of plaintiff's legs which requires a 3/8-inch lift in one shoe is not a sufficiently serious medical need or condition to satisfy the objective component of an Eighth Amendment claim."). However, for the purpose of this Order only, the Court will assume that Plaintiff's leg length discrepancy is a serious medical need.

The next step requires a consideration of the subjective component: whether the defendant was deliberately indifferent to that serious medical need. In evaluating claims of deliberate indifference, the Eleventh Circuit has considered: (1) indifference by prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; and (3) interference with treatment once prescribed. See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007).

Plaintiff's Complaint fails to contain any allegations that Defendants Wagner, Licata, or Severson directly participated in the alleged constitutional deprivation. Rather, the Complaint attempts to attribute liability against these defendants individually on the basis that Plaintiff addressed grievance forms to them in which he complained that Property Officer Caberlero would not give him his orthopedic boots. The Complaint contains no other facts or allegations pertaining to these defendants' involvement in the alleged constitutional deprivations.

Filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even if the grievance is denied. Harverty, 2006 WL at *5 (citing Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999)). To impute a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994).

Moreover, in suits brought pursuant to 42 U.S.C. § 1983, officials cannot be held liable solely on the basis of respondeat superior or vicarious liability. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Monell v. Dep't of Soc.

15

Servs., 436 U.S. 658, 690-92 (1978). Instead, the plaintiff must allege that the named defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. Gilmere v. City of Atlanta, 774 F.2d 1495, 1504 (11th Cir. 1985), abrogated on other grounds, Graham v. Connor, 490 U.S. 386 (1989). Thus, there must be an affirmative link between the Defendant's action and the alleged deprivation of a constitutional right. Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987) (concluding that a 42 U.S.C. § 1983 claim cannot be based upon vicarious liability). In other words, in a § 1983 suit "each government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677.

At most, Plaintiff's Complaint asserts that Defendants had notice that he had been prescribed orthopedic boots and that security staff would not allow him to possess those boots while at Charlotte Correctional Institution.[4] Defendants did not ignore Plaintiff's grievances; rather, their responses advised him to file an informal grievance with Security as it was the

---

[4] In his response to Defendants' motion to dismiss, Plaintiff argues that Defendant Wagner had Plaintiff's orthopedic boots stored at Charlotte Correctional Institution's property room and, as property room sergeant, she could have returned them to Plaintiff at any time (Doc. 30 at 5). Plaintiff also asserts that, as Wagner's superiors, Defendants Licata and Severson could have ordered Defendant Wagner to return Plaintiff's boots. Id. Plaintiff does not make these allegations in his Complaint.

16

party responsible for Plaintiff's complaint. Defendants also told Plaintiff to seek medical help for problems experienced from the deprivation of his boots (Doc. 1-1 at 13). In addition, Plaintiff was advised that he was to be fitted for new boots. Id. at 14.

Plaintiff makes no allegation that Defendants had in place a custom or policy of denying orthopedic boots or that they directed subordinates to commit constitutional violations regarding the provision of orthopedic devises. To the contrary, Plaintiff alleges that he observed other inmates at Charlotte Correctional Institution wearing orthopedic boots (Doc. 1 at 9). Thus, Plaintiff's factual allegations fail to state a claim showing that Defendants are liable for the alleged denial of Plaintiff's orthopedic boots. The individual capacity claims against Defendants James Licata, Angela Wagner, and Lars Severson are dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. Conclusion

Plaintiff's claims for injunctive relief are dismissed as moot. Plaintiff's claims for monetary damages against all defendants in their official capacities are dismissed as barred by Eleventh Amendment immunity. Plaintiff's individual capacity claims against Defendants James Licata, Angela Wagner, and Lars Severson are dismissed for failure to state a claim upon which

17

relief may be granted. Because all claims against these defendants are dismissed, the Court will not address Defendants' argument that James Licata, Angela Wagner, and Lars Severson are entitled to qualified immunity.

Plaintiff will be allowed to amend his complaint to state a claim against Defendants James Licata, Angela Wagner, and Lars Severson should the facts support a conclusion that these defendants were directly and personally involved in the deprivation of Plaintiff's constitutional rights.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to any earlier complaint. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not re-alleged are deemed abandoned. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff is reminded that, although he filed this action as a *pro se* litigant, he is still required to plead a complaint that complies with the Federal Rules of Civil Procedure. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (holding that even in the case of pro se litigants a court does not have license to serve as de facto

counsel for a party or to re-write an otherwise deficient pleading in order to sustain an action), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(finding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968). District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to intervene at the earliest possible moment in the proceedings and require the plaintiff to re-plead his entire case. Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991), abrogated on other grounds, Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639(2008)). Accordingly, to the extent Plaintiff wishes to file an amended complaint, he should ensure that the complaint complies with Rule 8(a).

Accordingly, it is now **ORDERED:**

    **1.**    The Motion to Dismiss filed by Defendants Thomas Ried, Jamies Licata, Angela Wagner, and Lars Serverson (Doc. 29) is **GRANTED** to the extent that **Plaintiff's** Complaint is dismissed without prejudice;

    2.    Plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** of this Order and in compliance with the Court's directions; and

    3.    If Plaintiff does not file an amended complaint within twenty-one days, the Court will issue a separate order directing the Clerk of the Court to close this case and to enter judgment in favor of Defendants.

    **DONE** and **ORDERED** in Fort Myers, Florida on this   29th   day of August, 2013.

JOHN E. STEELE  
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  8/27  
Copies: All parties of record